IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA



UNITED HEALTHCARE
INSURANCE COMPANY
185 Asylum Street
Hartford, CT 06103

    Plaintiff,

vs.

PARAGON SYSTEMS, LLC
22960 Shaw Road, Suite 605
Sterling, VA 20166

    Defendant.

JURY TRIAL DEMANDED

CIVIL ACTION NO. 1:13-cv-985
TSE /TRJ

## COMPLAINT

Plaintiff, UnitedHealthcare Insurance Company d/b/a UnitedHealthcare ("UnitedHealthcare"), by and through its attorneys, Stradley Ronon Stevens & Young, LLP, files this complaint against Defendant, Paragon Systems, LLC ("Paragon"), for breach of contract, or, in the alternative, for promissory estoppel or quantum meruit, and avers as follows:

### Parties

1. Plaintiff, UnitedHealthcare is an insurance company licensed to do business in Virginia, which is incorporated in Connecticut with its principal place of business located at 185 Asylum Street, Hartford, Connecticut 06103. UnitedHealthcare is in the business of providing group life and health insurance coverage to employers.

2. Defendant, Paragon Systems, LLC ("Paragon"), is a domestic corporation, incorporated in Virginia, with its principal place of business located at 22960 Shaw Road, Suite 605, Sterling, Virginia 20166.

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that Defendant is a citizen of and is domiciled in Virginia, Plaintiff is a citizen of a state other than Virginia (Connecticut), and the amount in controversy exceeds $75,000 exclusive of interests and costs.

4. Venue in this district is proper pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events or admissions giving rise to this action occurred in the Eastern District of Virginia and in that Defendant resides there.

## Factual Background

5. This action arises out of two Group Policy Insurance Agreements (collectively, the "Group Policies") in which UnitedHealthcare promised to provide group health insurance, life insurance, accidental death and dismemberment, and disability coverage for Paragon's employees, and Paragon promised to pay monthly premiums for that coverage.

## The Group Health Insurance Policy

6. UnitedHealthcare issued Paragon a Group Health Insurance Policy (the "Health Policy"), effective January 1, 2012, a copy of which is attached as Exhibit "A."

7. Article 3 of the Health Policy sets forth UnitedHealthcare's charges for monthly premiums, and Section 4 within Article 3 describes Paragon's payment obligations as follows:

> The Policy Charge is payable to us in advance by the Enrolling Group as described under "Payment of the Policy Charge" in Exhibit 1. The first "Policy Charge" is due and payable on or before the effective date of this Policy. Subsequent Policy Charges are due and payable no later than the first day of each payment period specified in item 6 of Exhibit 1, while this Policy is in force.
>
> All payments shall be made in United States dollars, in immediately available funds, and shall be remitted to us at the

2

> address set forth in the Enrolling Group's application, or at such other address as we may from time to time designate in writing. The Enrolling Group agrees not to send us payments marked "paid in full", "without recourse", or other similar language. In the event that the Enrolling Group sends such a payment, we may accept it without losing any of our rights under this Policy and the Enrolling Group will remain obligated to pay any and all amounts owed to us.
>
> A late payment charge will be assessed for any Policy Charge not received within 10 calendar days following the due date. A service charge will be assessed for any non-sufficient-fund check received in payment of the Policy Charge. All Policy Charge payments must be accompanied by supporting documentation that states the names of the Covered Persons for whom payment is being made.
>
> The Enrolling Group must reimburse us for attorney's fees and any other costs related to collecting delinquent Policy Charges.

*See* Exhibit "A," § 3.4.

8. UnitedHealthcare allowed a grace period, during which Paragon's benefits would continue in the event of late payment of policy premiums, and Article 3 Section 5 of the Health Policy defined the terms of that grace period as follows:

> A grace period of 31 days will be granted for the payment of any Policy Charge not paid when due. During the grace period, this Policy will continue in force. The grace period will not extend beyond the date this Policy terminates.
>
> The Enrolling Group is liable for payment of the Policy Charge during the grace period. If we receive written notice from the Enrolling Group to terminate this Policy during the grace period, we will adjust the Policy Charge so that it applies only to the number of days this Policy was in force during the grace period.
>
> This Policy terminates as describe in Article 5.1 if the grace period expires and the past due Policy Charge remains unpaid.

*See* Exhibit "A," § 3.5

9. Paragon made payments of charges for premiums on the Health Policy, in varying amounts and frequencies, from January through December of 2012. A copy of a ledger reflecting the Health Policy premiums and payments by Paragon is attached as Exhibit "B."

3

10. Due to nonpayment of policy premiums, UnitedHealthcare terminated the Health Policy December 31, 2012. UnitedHealthcare has honored all valid claims made through that date.

11. When termination of the Policy was completed, Paragon's balance of unpaid premiums on the Health Policy was and now still is $191,963.94.

### The Group Life Insurance Policies

12. UnitedHealthcare also issued Paragon two Group Insurance Policies providing coverage for Basic Life, Accident Death and Dismemberment, Supplemental Life, Supplemental Dependent Life, Short Term Disability and Long Term Disability (collectively, the "Life Policies"). Copies of the Life Policies, effective January 1, 2012, are collectively attached as Exhibit "C."

13. The Life Policies' General Provisions describe Paragon's payment obligations as follows:

> **Payment of Premiums:** No insurance provided by the Policy will be in effect until the first premium for such insurance is paid. For insurance to remain in effect, each subsequent premium must be paid on or before its due date. The Policyholder is responsible for paying all premiums as they become due. Premiums are payable on or before their due dates at Our Home Office. A Grace Period of 31 days from the Premium Due Date will be allowed for the payment of each premium after the first premium payment. During the Grace Period, the insurance will remain in effect provided the premium is paid before the end of the Grace Period. Payment of Premium for a period before it is due will not guarantee that the insurance will remain in effect for that period.

*See* Exhibit "C," General Provisions.

14. Paragon made payments of charges for premiums on the Life Policies, in varying amounts and frequencies, from January through December of 2012. A copy of a ledger

4

reflecting the premiums and payments made by Paragon on the Life Policies is attached as Exhibit "D."

15. Due to nonpayment of policy premiums, UnitedHealthcare terminated the Life Policies December 31, 2012. UnitedHealthcare has honored all valid claims made through that date.

### Paragon's Failure To Pay Outstanding Premiums On The Group Policies

16. On April 10, 2013, UnitedHealthcare sent a demand letter to Paragon, indicating that it expected payment of the $191,963.94 outstanding balance on the Health Policy. A copy of this correspondence is attached as Exhibit "E."

17. UnitedHealthcare also sent demand letters to Paragon on March 15, 2013 and April 10, 2013, indicating that it expected payment of the $10,435.73 outstanding balance on the Life Policies. Copies of this correspondence are collectively attached as Exhibit "F."

18. Paragon did not respond to UnitedHealthcare's initial demand letters.

19. Accordingly, on May 7, 2013, counsel for UnitedHealthcare sent a letter to Paragon demanding payment of the outstanding balances on the Group Policies via regular mail and via certified mail and, as evidenced by the return receipt, Paragon's representative, Ram, signed for it when it was received on May 10, 2013. A copy of the May 7, 2013 demand letter and its return receipt are collectively attached as Exhibit "G."

20. Once again, Paragon ignored UnitedHealthcare's efforts to resolve this matter.

21. Counsel for UnitedHealthcare sent yet another demand letter to Paragon on May 23, 2013 via regular mail and via certified mail and, as evidenced by the return receipt, Paragon's representative, Suresh Bhuma, signed for it when the company received it on May 28,

2013. A copy of the May 23, 2013 demand letter and its return receipt are collectively attached as Exhibit "H."

22. Paragon did not respond to the May 23, 2012 demand letter.

23. Counsel for UnitedHealthcare sent a final demand letter to Paragon on July 23, 2013 via email and via certified mail and, as evidenced by the return receipt, Paragon's representative, Suresh Bhuma, signed for it when the company received it on July 28, 2013. A copy of the July 23, 2013 demand letter and its return receipt are collectively attached as Exhibit "I."

24. Paragon did not respond to the July 23, 2012 demand letter.

25. Paragon has accrued at least $202,399.67 plus interest in unpaid premiums on the Group Policies, and its inaction regarding payment now forces UnitedHealthcare to file this Complaint.

### Count I – Breach of Group Health Policy Contract

26. UnitedHealthcare incorporates by reference the preceding paragraphs.

27. UnitedHealthcare and Paragon are parties to a contract for group health insurance coverage (the Health Policy), and the Health Policy requires Paragon to pay monthly premiums for retention of those benefits.

28. Paragon breached its contract with UnitedHealthcare by failing to pay its monthly premiums under the Health Policy.

29. Paragon owes UnitedHealthcare $191,963.94 in unpaid premiums on the Health Policy for coverage benefits already provided to the company and its employees.

30. Therefore, UnitedHealthcare suffered damages in the amount of at least $191,963.94 in unpaid premiums on the Health Policy, as a result of Paragon's breach.

WHEREFORE, UnitedHealthcare Insurance Company demands judgment against Paragon Systems, LLC in the amount in excess of $191,963.94, pre- and post-judgment interest, costs, attorneys fees, and such other relief as the Court deems just and proper.

### Count II – Breach of Group Life Policy Contracts

31. UnitedHealthcare and Paragon are parties to contracts for group life insurance, accidental death and dismemberment, and disability coverage for Paragon's employees (the Life Policies), and the Life Policies require Paragon to pay monthly premiums for retention of those benefits.

32. Paragon breached its contract with UnitedHealthcare by failing to pay its monthly premiums under the Life Policies.

33. Paragon owes UnitedHealthcare $10,435.73 in unpaid premiums on the Life Policies for coverage benefits already provided to the company and its employees.

34. Therefore, UnitedHealthcare suffered damages in the amount of at least $10,435.73 in unpaid premiums on the Life Policies, as a result of Paragon's breach.

### Count III – Quantum Meruit

35. UnitedHealthcare incorporates by reference the preceding paragraphs.

36. UnitedHealthcare provided group insurance coverage to Paragon under the Group Policies from January 1, 2012 through December 31, 2012.

37. Paragon accrued a balance of at least $202,399.67 in unpaid premiums on the Group Policies.

38. The balance due is a reasonable value for the services rendered by UnitedHealthcare, and it is entitled to payment of that value.

WHEREFORE, UnitedHealthcare Insurance Company demands judgment against Paragon Systems, LLC in the amount in excess of $202,399.67, pre- and post-judgment interest, costs, attorneys fees, and such other relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this Complaint.

_____
Zeenat Iqbal, Esq.
Virginia State Bar No. 83213
Stradley Ronon Stevens & Young, LLP
1250 Connecticut Avenue, N.W., Suite 500
Washington, DC 20036
Phone: 202.822.9611
Fax: 202.822.0140

Dated: Aug 13, 2013